Gordon D. Shoholm v. Commissioner.
Shoholm v. Commissioner
Docket No. 1048-70SC.
United States Tax Court
T.C. Memo 1971-247; 1971 Tax Ct. Memo LEXIS 89; 30 T.C.M. (CCH) 1070; T.C.M. (RIA) 71247; September 27, 1971, Filed. Gordon D. Shoholm, pro se, 340 Highway #7, Excelsior, Minn. Jay B, Kelly, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined deficiencies in petitioner's Federal income tax for 1966 and 1967 in the respective amounts of $282 and $647.20. The issue is whether petitioner is entitled to deduct the amounts of $1,675.11 and $3,821.48 claimed by him as employee business expenses in the years 1966 and 1967, respectively. Findings of Fact Some of the facts were stipulated and they are so found. Petitioner was a resident of Excelsior, Minnesota at the time the petition herein was filed. He filed his Federal income tax returns for the years 1966 and 1967 with the district director of internal revenue, St. Paul, Minnesota. On February 14, 1956 the petitioner *90 organized Gordon Shoholm Co., Inc. for the purpose (as outlined in the incorporation papers) of manufacturing, distributing and servicing electronic products and all other acts incidental thereto. The only entry in the corporate minute book subsequent to the date of incorporation was on September 15, 1967, which entry noted the change of the corporation's principal place of business from Minneapolis, Minnesota to Crosby, Minnesota. The corporation filed Federal income tax returns for the years 1957, 1958 and 1959, and each return indicated that no transactions took place in that particular year and no income was reported. No corporation income tax returns were filed for any of the years 1960 through 1968. In March 1971, corporation income tax returns for the years 1962 through 1968 were filed for the corporation and they showed no transactions, no receipts, no income and no assets. On April 19, 1967 petitioner individually and Testscor, Inc. executed an agreement under which the petitioner, for the sum of $3,000, agreed to design and construct "an electronic interface and encoder for use between a new Potter Line Printer and the Testscor scoring machine and IBM input typewriter. *91 " Testscor, Inc. agreed to make an initial payment of $500, ten weekly payments of $150 and $1,000 upon satisfactory operation of the printer and interface with the scorer and typewriter. Petitioner received $2,000 from Testscor, Inc. in 1967 under the above agreement. However, petitioner was unable to complete the satisfactory installation of the machinery and as a result the job was terminated and petitioner was not paid the remaining $1,000 which was provided for under the agreement. In his Federal individual income tax return for 1966 the petitioner reported income from wages in the total amount of $4,694.61 which was received from the following employers: World Tool and Engineering Co.,
Minneapolis, Minnesota
$1,744.63
Indianhead Truck Lines, Roseville,
Minnesota
26.88
Numeric Machines, Inc., Minneapolis,
Minnesota
855.39
Helweig, Inc., West St. Paul, Min-
nesota
639.75
Hartzell Manufacturing Co., St. Paul,
Minnesota
403.96
Able Craft Fabrication, Inc., St. Paul,
Minnesota
974.00
J. Simin, dba Able Craft Fabricators,
St. Paul, Minnesota 50.00
Total
$4,694.61
In his Federal individual income tax return for 1967 the petitioner reported *92 income from wages in the total amount of $3,314.16 which was received from Carl H. Peterson Co. ($538.65) and the World Tool and Engineering Co. ($2,775.51). 1071 Petitioner also reported income received from Testscor, Inc. in the amount of $2,000. In his Federal individual income tax returns for 1966 and 1967 the petitioner deducted the respective amounts of $1,675.11 and $3,821.48 as employee business expenses. Respondent disallowed these deductions in both years. Opinion Petitioner's contention is that he incurred expenditures of $1,675.11 and $3,821.48 in 1966 and 1967, respectively, on behalf of Gordon Shoholm Co., Inc. and that consequently he is entitled to deduct such expenditures as ordinary and necessary business expenses under section 162 of the Internal Revenue Code of 1954. It appears that the corporation, although it was formed by petitioner in 1956 purportedly to manufacture electronic and mechanical products, had no transactions, no income and no books and records in any of the years through the year 1968. The corporation income tax returns filed belatedly for the years 1962 through 1968 in March 1971 (a few weeks before the trial), *93 in addition to reporting no income, also indicate that the corporation had no assets. We think it is fairly obvious that the corporation was not even remotely engaged in any trade or business during the years 1966 and 1967 and we fail to see how any expenditures incurred on its behalf by petitioner can be described as ordinary and necessary business expenses. We might add that petitioner's contention would fail even if such corporation was actually engaged in a trade or business. The business of a corporation is not that of its officers, stockholders or employees and if such individuals voluntarily pay the corporation's obligations, they are not entitled to deduct such expenses as ordinary and necessary business expenses. Noland v. Commissioner, 269 F. 2d 108 (C.A. 4, 1959), affirming a Memorandum Opinion of this Court. Nor is there any indication in this record that petitioner was expected or required to incur such expenses on behalf of the corporation. Nor is there any evidence to show that petitioner individually was engaged in a trade or business in 1966 which would qualify at least a portion of his expenditures as ordinary and necessary business expenses under *94 section 162 of the Internal Revenue Code of 1954. In April 1967, however, petitioner individually entered into an agreement with Testscor, Inc. to design, construct and place in operation an electronic interface and encoder. Although the agreement called for the payment of $3,000 to petitioner, he only received $2,000 from Testscor, Inc. in 1967 because of his inability to successfully complete the project. We believe petitioner is entitled to deduct expenditures incurred by him in connection with this project. Unfortunately, the record is extremely vague as to such project-connected expenses. We have carefully examined a schedule of expenses for 1967 submitted in evidence by the petitioner. The schedule includes numerous automobile expenditures in small amounts, some expenditures identified generally as purchases of electronic equipment, payments for rent and utilities and other miscellaneous expenses. Petitioner's testimony as to which expenditures in the schedule were incurred by him in connection with the Testscor, Inc. project was decidedly unsatisfactory. On the basis of this record, we hold that petitioner is entitled to deduct $400 as ordinary and necessary *95 business expenses in 1967. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50.